IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50729
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KELLY SPENCER MACON;
DEANDRE UBECKA FREEMAN,

Defendants-Appellants.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-97-CR-18-2
- - - - - - - - - -
November 4, 1998

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Kelly Spencer Macon and Deandre Ubecka Freeman appeal their convictions and sentences for conspiracy to possess with the intent to distribute cocaine base (crack) and possession with the intent to distribute crack.

Both appellants challenge the district court's Fourth Amendment ruling, which denied the motions to suppress, based on the lessee of the trailer home giving consent to the police for the search. From our review of the arguments and the appellant

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

record, we conclude that the district court's determination that the lessee had the authority to give consent for the search of the entire trailer was not clearly erroneous.  See United States v. Gonzales, 121 F.3d 928, 938-39 (5th Cir. 1997); United States v. Richard, 994 F.2d 244, 250 (5th Cir. 1993); United States v. Smith, 930 F.2d 1081, 1084-85 (5th Cir. 1991).

Freeman argues that the district court impermissibly limited defense counsel's questioning during voir dire by prohibiting questions concerning potential jurors' understanding of the distinctions between different drug offenses.  No clear abuse of discretion is evident.  See United States v. Williams, 573 F.2d 284, 287-88 (5th Cir. 1978).

Macon argues that the prosecutor's comment during argument which mischaracterized the trial testimony of Mesha Reid necessitates reversal.  Because Macon failed to object to the comment, we review for plain error.  No plain error is evident. In light of the overwhelming evidence of Macon's guilt and in light of the single instance of the prosecutor's comment, Macon's substantial rights were not affected.  See United States v. Vaccaro, 115 F.3d 1211, 1218 (5th Cir. 1997), cert. denied, 118 S. Ct. 689 (1998); United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

Both appellants challenge their sentences.  Macon argues that the district court erred in determining the amount of crack for which Macon was held accountable.  The information about the drug quantity came from Richard Messina, and Macon argues that Messina's testimony lacked credibility as well as consistency and

that the information lacked corroboration.  Our review of the record reveals that the district court's finding is plausible and thus, no clear error is apparent.  <u>See</u> <u>United States v. Bermea</u>, 30 F.3d 1539, 1575 (5th Cir. 1994).

Freeman argues that the district court erred in ordering his federal sentence to be served consecutively to his state sentence for aggravated robbery.  He asserts that the district court had discretion, pursuant to U.S.S.G. § 5G1.3(c), p.s., to order the sentence to be served consecutively to, concurrently with, or partially concurrent with the state sentence; such discretion called for the court to evaluate certain enumerated factors from § 5G1.3's commentary; and the court's incorrect view of the mandatory nature of the consecutive sentence requires a remand for the court to exercise its discretion.  No plain error is evident because, even assuming that the court did not consider a concurrent sentence, the circumstances of this case do not indicate that a concurrent sentence would be warranted.  Thus, Freeman's substantial rights were not affected.  <u>See</u> <u>Calverley</u>, 37 F.3d at 165.

AFFIRMED.